ELECTRONIC ORDER ON PENDING DISCOVERY MOTIONS IN <u>GIBBS V. CITY OF BRIDGEPORT ET AL.</u>, 16 CV 635 (JAM)

7/18/17 – On July 17, 2017, U.S. District Judge Jeffrey A. Meyer referred this file to this Magistrate Judge for discovery. (Dkt. #80). Four discovery motions are currently pending, three of which are ripe for adjudication.

On April 20, 2017, defendants City of Bridgeport and Gaudett filed their Motion to Compel (Dkt. #53), regarding their discovery requests served upon plaintiff. On May 5, 2017, plaintiff filed her Notice of Compliance with Defendants City [of Bridgeport] and Gaudett's Interrogatories and Requests for Production. (Dkt. #59; <u>see also</u> Dkt. #54). Two weeks later, these two defendants filed their Reply to Plaintiff's Notice of Compliance in Response [to] Motion to Compel (Dkt. #65),[1] which argued that plaintiff only partially responded to Interrogatory No. 6, leaving open the retention of an expert on earning capacity, and partially responded to Interrogatory No. 24, such that only information regarding medical experts was provided but no other experts on other topics were disclosed. Shortly thereafter, on June 13, 2017, Judge Meyer filed his Amended Scheduling Order (Dkt. #70), which, <u>inter alia</u>, extended the deadline for expert discovery until October 16, 2017. Accordingly, defendants City of Bridgeport and Gaudett's Motion to Compel (Dkt. #53) is <u>denied without prejudice as moot with respect to fact discovery, but is granted with respect to expert discovery, such that if she has not already done so, plaintiff shall serve all her expert disclosures</u> **on or before August 7, 2017**.

On May 17, 2017, plaintiff filed her Motion to Compel Discovery Responses from Defendant City of Bridgeport and a Firm Date for a Deposition of Defendants Borona and Gaudett (Dkt. #60), and also filed her Motion to Extend Fact Witness Discovery until July 1, 2017 and Plaintiff's Expert Disclosure Deadline to July 15, 2017 (Dkt. #61), as to which defendants City of Bridgeport and Gaudett filed their brief in opposition two days later (Dkt. #63)[2] and defendant Borona filed his brief in opposition four days thereafter (Dkt. #66).[3] In their brief in opposition, defendants City of Bridgeport and Gaudett contend that they were not served with discovery requests in September 2016 or February 2017 as plaintiff's counsel represented (Dkt. #63, at 1-4), nor did plaintiff seek to depose defendant Gaudett prior to the fact discovery deadline, which, at that time was May 1, 2017 (<u>id.</u> at 6-7). Defendant Borona similarly argued that he was never served discovery requests or a notice of deposition. (Dkt. #66, at 1-2). Again, shortly thereafter, Judge Meyer filed his Amended Scheduling Order (Dkt. #70), which, <u>inter alia</u>, extended the deadline for fact discovery until July 15, 2017, and ordered the deposition of defendant Gaudett by July 1, 2017[4] and the deposition of defendant Borona by July 15, 2017. This file was not

---

[1] Plaintiff's responses to Defendants City [of Bridgeport] and Gaudett's First Set of Interrogatories were attached as Exh. A.

[2] Six exhibits were attached (Exhs. A-F), the overwhelming majority of which are email exchanges between counsel.

[3] Attached as Exh. A were copies of email exchanges between counsel.

[4] The deposition of defendant Gaudette is the subject of defendants City of Bridgeport and Gaudett's pending Motion for Reconsideration and Objection to Attorney Stratton's Motion for Sanctions, filed July 13, 2017 (Dkt. #78), for which briefing has not been completed yet. (<u>See also</u> Dkts. ##74-77).

referred to this Magistrate Judge until two days after the July 15, 2017 deadline had lapsed. (<u>See</u> Dkt. #80).

In light of Judge Meyer's Amended Scheduling Order, plaintiff's Motion to Compel (Dkt. #60) is <u>granted in part</u>, to the extent that the City of Bridgeport shall respond to plaintiff's belated discovery requests **on or before August 7, 2017**, preserving the right to object on the merits to any requests, as appropriate; the motion is <u>denied without prejudice as moot</u> with respect to the depositions of defendants Borona and Gaudett, Judge Meyer already having ordered that they take place.

Similarly, plaintiff's Motion to Extend (Dkt. #61) is <u>denied without prejudice as moot</u>, Judge Meyer already having set new deadlines in the Amended Scheduling Order.

As instructed by Judge Meyer in the referral on July 17, 2017 (Dkt. #80), counsel shall contact this Magistrate Judge's Chambers to schedule a brief telephonic discovery conference, with the only open issue being the date for the deposition of defendant Gaudett.[5]

---

[5] Federal judicial officers should not be forced to micro-manage discovery to the extent imposed upon Judge Meyer and this Magistrate Judge in this file.