**MANDATE**

United States Court of Appeals
FOR THE
SECOND CIRCUIT

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of February, two thousand twenty.

Present:
> John M. Walker, Jr.,
> Barrington D. Parker,
> Susan L. Carney,
> > *Circuit Judges*.

---

Melissa Gibbs, Administratrix of the Estate of Bryan Stukes,

> *Plaintiff-Appellee*,

v.                                                                                                  No. 18-2748

Christopher Borona, in his official and individual capacities,

> *Defendant-Appellant*,

Joseph Gaudett, Chief of Police, in his official and individual capacities, City of Bridgeport,

> *Defendants*.*

---

Defendant-Appellant Christopher Borona ("Borona") appeals from the decision of the United States District Court for the District of Connecticut (Meyer, *J.*) denying Borona's motion for summary judgment on qualified immunity grounds. Plaintiff-Appellee Melissa Gibbs ("Gibbs") moves to dismiss Borona's appeal for want of appellate jurisdiction.

On interlocutory appeal from an order denying qualified immunity, our jurisdiction is limited: "[W]e have jurisdiction to review a denial of qualified immunity to the extent it can be resolved on stipulated facts, or on the facts that the plaintiff alleges are true, or on the facts favorable to the plaintiff that the trial judge concluded the jury might find." *Terebesi v. Torreso*,

---

\* The Clerk of Court is directed to amend the caption as above.

764 F.3d 217, 222 (2d Cir. 2014) (internal quotation marks omitted); *see also Johnson v. Jones*, 515 U.S. 304, 313 (1995) (holding not appealable the "portion of a district court's summary judgment order that, though entered in a 'qualified immunity' case, determines only a question of 'evidence sufficiency,' *i.e.*, which facts a party may, or may not, be able to prove at trial").

On appeal, Borona primarily urges his version of the facts and advances arguments about factual disputes with Gibbs's version that the District Court correctly declined to resolve at summary judgment. We therefore GRANT Gibbs's motion to dismiss the appeal.

FOR THE COURT:

Catherine O'Hagan Wolfe,
Clerk of Court

2

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit