UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MELISSA GIBBS,
*Administratrix of Estate
of Bryan Stukes,*
　　*Plaintiff*,

　　v.

CHRISTOPHER BORONA*,*
　　*Defendant*.

No. 3:16-cv-00635 (JAM)

ORDER CONDITIONALLY GRANTING PLAINTIFF'S MOTION
TO INFORM THE JURY THAT THE RIFLE WAS NOT LOADED

This case involves federal and state law claims arising from a fatal shooting by the police in Bridgeport, Connecticut. In this ruling I address the plaintiff's motion to "inform" the jury that "the rifle was not loaded during the incident that led to Bryan Stukes' death."[1]

BACKGROUND

On the night of April 1, 2013, Detective Christopher Borona of the Bridgeport police department shot and killed a young man named Bryan Stukes. *See Gibbs v. City of Bridgeport*, 2018 WL 4119588, *1–4 (D. Conn. 2018) (describing factual background). Plaintiff Melissa Gibbs is Stukes's mother, and in her capacity as administratrix of his estate she has filed this lawsuit against Detective Borona.

The case is scheduled for jury trial to begin this week. The claims against Detective Borona include one count under 42 U.S.C. § 1983 for the use of excessive force in violation of the Fourth Amendment as well as one count for negligent wrongful death in violation of Connecticut state law.

---

[1] Doc. #216 at 1.

1

Detective Borona has raised a special defense to Gibbs's negligence claim of comparative negligence under Conn. Gen. Stat. § 52-572h. He alleges in relevant part that Stukes's "own negligence and carelessness contributed to and was a substantial factor in causing the injuries and losses alleged in the complaint."[2]

## DISCUSSION

Relevance is a very broad principle. Evidence is "relevant" if "it has *any* tendency to make a fact more or less probable than it would be without the evidence," and if "the fact is of consequence in determining the action." Fed. R. Evid. 401 (emphasis added).

When the jury is asked to evaluate whether and to what degree Stukes himself was negligent in a manner that foreseeably caused his death, it is appropriate for the jury to learn the nature of the conduct that Stukes decided to engage in. Thus, for example, it would be relevant to a claim of comparative negligence if Stukes had carried a large stick rather than a rifle or if he had carried a toy rifle that appeared as if it were a real rifle.

The same rationale suggests that it is relevant to the claim of Stukes's own negligence that the rifle he carried was not loaded. Had the rifle been loaded, then a jury could reasonably conclude that Stukes put himself in a position of even greater risk of being subject to the use of force by the police because of the correspondingly higher likelihood that he would fire the rifle in the first place. Although Detective Borona notes that Connecticut law (Conn. Gen. Stat. § 53a-3(6)) defines a "deadly weapon" to include a gun whether "loaded or unloaded," this legal definition from the state criminal code does not signify that it is just as negligent to brandish an unloaded weapon as a loaded weapon. Absent evidence that the rifle was not loaded, the jury

---

[2] Doc. #25 at 12.

might well assume that the rifle was loaded and thereby assume that Stukes decided to engage in riskier conduct than he actually did, with prejudice to him as described in Gibbs's motion.

Of course, it is undisputed that Detective Borona did not know that the rifle was unloaded and could reasonably have assumed that it was loaded. But the comparative negligence inquiry focuses on Stukes's conduct and requires the jury to decide not merely whether he was negligent but also to what proportional degree he was negligent compared to any negligence by Detective Borona. *See* Conn. Gen. Stat. §52-572h(c). The nuanced and comparative nature of this inquiry convinces me that the loaded or unloaded status of the rifle is relevant to the issue of comparative negligence.

Detective Borona objects that Gibbs's motion is untimely and at odds with her position at the most recent pre-trial hearing. I can understand why Detective Borona presses these objections, but I am most concerned with what is appropriate for the jury to hear and with a fair trial. The unloaded status of the rifle has long been known to all parties, and I am not convinced that Detective Borona has shown any unfair prejudice that has resulted from Gibbs's change of position and late filing of this motion. Detective Borona will be permitted to testify to the undisputed fact that he did not know the rifle was unloaded. Moreover, he may testify as to why he believes he would have had probable cause to arrest Stukes even had he known the rifle was not loaded, and the Court will grant any request for an appropriate limiting instruction. I am not convinced that the probative value of the fact that the rifle was not loaded is substantially outweighed by any risk of unfair prejudice to Detective Borona.

Lastly, Gibbs's motion states that she wishes to "inform" the jury in some unspecified way about the unloaded status of the rifle. It does not appear that any marked exhibit discloses this information, and it is unclear to me whether Gibbs has a witness who can offer admissible

3

testimony that the rifle was not loaded. Any effort by Gibbs to "inform" the jury about any facts of consequence must be in accordance with the Federal Rules of Evidence, whether by means of a documentary foundation, by means of witness testimony (and within the bounds of proper cross-examination), or by means of stipulation of the parties. Because it is unclear to me whether Gibbs has an adequate basis to believe that she can at this late date adduce admissible evidence at trial of the unloaded status of the rifle, counsel for Gibbs may not reference such status in his opening statement absent additional assurance that there will be a proper evidentiary foundation.

## CONCLUSION

For the reasons set forth above, the Court conditionally GRANTS plaintiff's motion to inform the jury that the rifle was not loaded (Doc. #216). The grant of this motion to allow the plaintiff to "inform" the jury is conditioned on plaintiff's making a further and satisfactory showing of the evidentiary basis by which she expects to prove that the rifle was unloaded.

In addition, in the event that there is admissible evidence introduced at trial to show that the rifle was not loaded, the Court will issue a limiting instruction upon request that the parties do not dispute that Detective Borona did not know that the rifle was unloaded and that the jury may consider the unloaded status of the rifle solely with respect to evaluation of the presence and degree of comparative negligence as a defense to the plaintiff's negligent wrongful death claim.

It is so ordered.

Dated at New Haven this 11th day of October 2021.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge